UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                 Plaintiff,<br>   vs.<br><br>SEROFIM MUROFF, BLACKHAWK MANAGER, LLC, ISR CAPITAL, LLC, EQUITY RECAP ACCOUNT, LLC, and DEBRA L. RIDDLE,<br><br>               Defendants. | Case No. 1:17-cv-00180-EJL<br><br>**FINAL JUDGMENT AS TO DEFENDANTS SEROFIM MUROFF, BLACKHAWK MANAGER, LLC, ISR CAPITAL, LLC, AND EQUITY RECAP ACCOUNT, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendants Serofim Muroff ("Muroff"), Blackhawk Manager, LLC ("Blackhawk Manager"), ISR Capital, LLC ("ISR Capital"), and Equity Recap Account, LLC (collectively, the "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the

2

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Muroff, Blackhawk Manager and ISR Capital are permanently restrained and enjoined from violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), (2) & (4)] and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8], by the use of any means or instrumentality of interstate commerce, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

(d)    while acting as an investment adviser to a pooled investment vehicle:

1.    to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

2.    to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) officers, agents, servants, employees, and attorneys of Muroff, Blackhawk Manager and ISR Capital; and (b) other persons in active concert or participation with Muroff, Blackhawk Manager and ISR Capital or with anyone described in (a).

4

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Muroff is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Muroff is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him: (a) participating in the issuance, purchase, offer, or sale of any security issued through the EB-5 Immigrant Investor Program (provided however that such injunction shall not prevent Muroff from purchasing or selling securities for his own personal account); and (b) participating in the management, administration, or supervision of, or otherwise exercising any control over, any commercial enterprise or project that has issued or is issuing any securities through the EB-5 Immigrant Investor program, except for work undertaken by Muroff with the express consent of the Independent Manager, and under the oversight of the Independent Monitor, retained by Defendants in accordance with the undertakings of the Consent and paragraph VIII below.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $5,062,082 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $865,269.64, and a civil penalty in the amount of $2,000,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendants shall satisfy this obligation by paying $7,927,351.64 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of

7

disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

Defendants shall pay the total of disgorgement, prejudgment interest, and penalty due of $7,927,351.64 in three installment payments to the Commission according to the following schedule: (1) $100,000, within 10 days of entry of this Final Judgment; (2) $100,000, within 6 months of entry of this Final Judgment; and (3) $7,727,351.64 within 364 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including but not limited to:

> A. Defendants Blackhawk Manager and ISR Capital undertaking to retain, at their own expense through their management of Blackhawk Gold, LLC and Quartzburg Gold, LLC, (together, the "Funds"), an individual or individuals (collectively, the "Independent Manager"), who is or are not unacceptable to the Commission staff, to replace Defendant Muroff as the Chief Executive Officer of Blackhawk Manager and the Chief Executive Officer of ISR Capital, no later than 10 days after entry of the Final Judgment. Nothing in this undertaking affects the role of Defendant Blackhawk Manager as the Managing Member of Blackhawk Gold, LLC or the role of Defendant ISR Capital as the General Partner of Quartzburg Gold, LLC. Defendants Blackhawk Manager and ISR Capital further undertake to retain, at their own expense through their

management of the Funds, an Independent Monitor ("Monitor"), who is not unacceptable to the Commission staff, no later than 10 days after entry of the Final Judgment.  As set forth below, the Monitor will oversee the management and activities of Blackhawk Manager and ISR Capital, in their management of Blackhawk Gold, LLC and Quartzburg Gold, LLC (together, the "Funds"), and serve to protect the interests of the investors who have purchased securities in the Funds through Defendants in connection with the EB-5 Immigrant Investor Program ("Investors") as Blackhawk Manager, ISR Capital, and the Independent Manager endeavor to operate the job-creating businesses and work with the Investors to advance their EB-5 petitions in compliance with the laws, rules and regulations of the United States Customs and Immigration Services ("USCIS").  All terms of these Undertakings are to be construed in a manner consistent with USCIS laws, rules, and regulations; to the extent that any terms are found by USCIS to be inconsistent with USCIS laws, rules, or regulations, as to those terms only, the parties will work together to find mutually acceptable terms that are compliant with USCIS laws, rules and regulations while still achieving the purposes of these Undertakings.  Defendants agree to provide a copy of the Independent Manager's employment or engagement agreement(s) and the Monitor's executed engagement agreement to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, no later than 15 days

after entry of the Final Judgment.

B. Undertaking to provide, either directly or through the Independent Manager, the following:

   1. to the Monitor and the Commission staff, no later than 30 days after entry of the Final Judgment, a report identifying all Investors whose money or assets are or were in the custody or control of Blackhawk Manager, ISR Capital, or the Funds and confirming whether the Investors have received the securities or economic interests in securities for which the Investors have invested;

   2. to the Monitor, Investors, and the Commission staff, no later than 60 days after entry of the Final Judgment, a preliminary accounting of all assets and liabilities of Blackhawk Manager, ISR Capital, and the Funds, and to conduct such investigation as may be necessary to locate and account for such items;

   3. to the Monitor, Investors, and the Commission staff, quarterly accountings of all assets, liabilities, receipts and disbursements of Blackhawk Manager, ISR Capital, and the Funds, no later than April 30, 2017 (for the quarter ending March 31, 2017); July 31, 2017 (for the quarter ending June 30, 2017); October 31, 2017 (for the quarter ending September 30, 2017); January 31, 2018 (for the quarter ending December 31, 2017); April 30, 2018 (for the quarter ending March 31, 2018); July

31, 2018 (for the quarter ending June 30, 2018); October 31, 2018 (for the quarter ending September 30, 2018); and January 31, 2019 (for the quarter ending December 31, 2018).

C.  Agreeing that the Monitor shall:

1.  have full, complete and immediate access to the books and records of each of Blackhawk Manager, ISR Capital, and the Funds, including but not limited to all business and financial records, bank and other financial statements, and all electronic records wherever located, to carry out the Monitor's duties;

2.  have full, complete and immediate access to the principals, managers, officers, directors, employees, agents or consultants of Blackhawk Manager, ISR Capital, and the Funds, wherever located, to carry out the Monitor's duties;

3.  have full, complete and immediate access to the offices of Blackhawk Manager, ISR Capital, and the Funds, wherever located, to carry out the Monitor's duties;

4.  monitor and oversee the activities of Blackhawk Manager, ISR Capital, and the Funds as set forth herein, and to report to the Commission staff any purchase, sale, or expenditure that the Monitor determines is not in the best interests of the investors, including any proposed purchases or

12

sales of securities or interests in securities by Blackhawk Manager, ISR Capital, or the Funds;

5. choose, engage, employ, and terminate attorneys, accountants, appraisers, employees, and other independent contractors and technical specialists, as the Monitor deems necessary in the performance of his duties and at a reasonable cost, to be borne by Defendants Blackhawk Manager and ISR Capital through their management of the Funds;

6. make any recommendations as the Monitor deems necessary or appropriate at any time (up to and including January 31, 2019, unless such date is modified by the Court) as to the activities of Blackhawk Manager, ISR Capital, or the Funds, including but not limited to staffing, governance, internal controls or other policies and procedures relating to the activities of Blackhawk Manager, ISR Capital, or the Funds; and

7. for the period of the engagement and for a period of two years after completion of the engagement, the Monitor and any other persons engaged or employed by the Monitor in carrying out the Monitor's duties hereunder shall not enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Blackhawk Manager, ISR Capital, or the Funds, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such, without prior written consent of the Commission staff.  Any firm

with which Monitor is affiliated or of which the Monitor is a member, and any person engaged to assist the Monitor in performance of the Monitor's duties under this Order shall not, without prior written consent of the Commission staff, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Blackhawk Manager, ISR Capital, or the Funds, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such, for the period of the engagement and for a period of two years after the engagement.

D. Agreeing that they, and their respective subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the Monitor and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Monitor or any other persons engaged or employed by the Monitor in carrying out the Monitor's duties hereunder.  To ensure the independence of the Monitor, Defendants and their respective subsidiaries, affiliates, officers, agents, servants, employees and attorneys shall not have the authority to terminate the Monitor without prior written approval of the Commission staff.  Defendants Blackhawk Manager and ISR Capital through the management of the Funds shall compensate the Monitor and persons engaged to assist the Monitor for services rendered pursuant to the Final Judgment at reasonable and customary rates.  Defendants further agree that the Commission

14

staff may, in its discretion, apply to the Court for an order compelling compliance with the Final Judgment, modifying the Final Judgment, or providing immediate relief, which may include appointment of a receiver or distribution agent, if the Commission staff deems that Defendants are not in compliance with the terms of the Final Judgment or that any activities of Blackhawk Manager, ISR Capital, or the Funds are contrary to the best interests of the investors.

E.  Undertaking to certify, in writing, compliance with the undertakings set forth above, including but not limited to any recommendations by the Monitor pursuant to paragraph VIII.C(6) above.  The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence.  Defendants shall submit the certification and supporting material to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, no later than 30 days after the completion of the undertakings.  The Monitor's engagement shall end 30 days after Defendants' submission of the certification and supporting material to the Commission staff, unless the Commission staff makes a reasonable request for further evidence of compliance or applies to the Court for an order compelling

compliance with the Final Judgment, modifying the Final Judgment, or providing immediate relief as described in paragraph VIII.D above.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

16

DATED: May 10, 2017

Edward J. Lodge
United States District Judge

17