UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>SEROFIM MUROFF; BLACKHAWK MANAGER, LLC; ISR CAPITAL, LLC; EQUITY RECAP ACCOUNT, LLC; and DEBRA L. RIDDLE;<br><br>                    Defendants. | Case No. 1:17-cv-00180-EJL<br><br>**ORDER** |

Currently pending before the Court is a Motion to Amend May 10, 2017 Judgment to Make It Consistent with Supreme Court's June 5, 2017 Decision in *Kokesh v. Securities and Exchange Commission* ("Motion") filed by Defendants, Serofim Muroff and Equity Recap Account, LLC. (Dkt. 7.) Defendants Blackhawk Manager, LLC and ISR Capital, LLC join in the Motion. (Dkt. 8.)

The parties filed responsive briefing and the Motion is now ripe for decision. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decision making process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

**ORDER - 1**

## BACKGROUND

On April 28, 2017, Plaintiff, the United States Securities and Exchange Commission ("SEC" or "Commission") filed a Complaint against Defendants alleging various claims of securities fraud and investment advisor fraud. (Dkt. 1.) That same day, Plaintiff also filed a Notice of Consent indicating that Defendants Serofim Muroff; Blackhawk Manager, LLC; ISR Capital, LLC, and Equity Recap Account, LLC ("Muroff Defendants") had consented to the entry of a final judgment in a form attached to the Consent. (Dkt. 2.)[1]

In the Consent, the Muroff Defendants did not admit or deny the allegations in the Complaint but consented to entry of the Final Judgment." (Dkt. 2, ¶ 2.) As reflected in the proposed Final Judgment, as well as the Consent, the Muroff Defendants agreed to comply with various terms of injunctive relief and the payment of $5,062,082 in disgorgement; $865,269.64 in prejudgment interest; and a $2,000,000 penalty. (Dkt. 2, ¶ 2(a)-(g).) Also as set forth in the Consent, the Muroff Defendants explicitly agreed to the following:

(1) to waive service of summons and the complaint; enter general appearances, and admit the Court's jurisdiction over them and the subject matter of the action (Dkt. 2, ¶ 1);

(2) to waive the entry of findings of fact and conclusions of law; the right, if any, to a jury trial; and the right to appeal from entry of the Final Judgment; (Dkt. 2, ¶ 11-12);

(3) to incorporate the Consent in the Final Judgment (Dkt. 2, ¶ 14);

(4) they would not oppose enforcement of the final Judgment pursuant to Federal Rule of Civil Procedure 65(d) (Dkt. 2, ¶ 15); and

---

[1] A separate Notice of Consent to judgment was filed for Defendant Debra L. Riddle. (Dkt. 3.)

(5) the Court would retain jurisdiction over the matter for purpose of enforcing the terms of the Final Judgment (Dkt. 2, ¶ 21).

According to the SEC, the Consent was the product of vigorous settlement negotiations that lasted over nine months. (Dkt. 10.) In settling with the SEC, the Muroff Defendants received the benefit of a no admit, no deny resolution and avoided additional amounts of disgorgement, prejudgment interest, and monetary penalties that may have been imposed if the matter was litigated through trial. (Dkt. 12.)

On May 10, 2017, the Court entered a Final Judgment consistent with the parties' Consent and their proposed judgment. (Dkt. 6.) The Consent was expressly incorporated in the Final Judgment. (Dkt. 6, p. 9.) ("the Consent is incorporated herein with the same force and effect as if fully set forth herein.") In addition, in the Final Judgment, the Court expressly retained jurisdiction of this matter for purposes of enforcing the terms of the Final Judgment. (Dkt. 6, p. 16.)

On June 5, 2017, less than a month after Final Judgment was entered based on the parties' Consent, the United States Supreme Court issued a decision holding that disgorgement is a penalty subject to a five-year statute of limitations set forth in 28 U.S.C. §2842. "Disgorgement in the securities-enforcement context is a 'penalty' within the meaning of §2462, and so disgorgement actions must be commenced within five years of the date the claim accrues." *Kokesh v. Securities and Exchange Commission*, 137 S.Ct. 1635, 1639.

**ORDER - 3**

Two days later, Defendants filed the instant Motion. (Dkt. 7.) Defendants argue that the *Kokesh* decision should be applied retroactively to the Judgment against them in this case. (Dkt. 7.) As a result, the disgorgement amount would be reduced from $5.062,082 to $2,749,999.98 and the prejudgment interest amount would be reduced from $865,269.64 to $470,061.82. (Dkt. 7.)

Defendants argue that the Final Judgment is the result of a binding settlement agreement and must be enforced. (Dkt. 12.) Defendants further argue that the petition for certiorari in the *Kokesh* decision was pending when the settlement agreement was signed and the Muroff Defendants made a calculated decision. (Dkt. 12). By consenting to the Final Judgment, the Muroff Defendants decided to forego the potential benefits of waiting for a favorable ruling in favor of a more immediate resolution of the dispute. (Dkt. 12.)

## DISCUSSION

The Muroff Defendants' Motion is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). The Muroff Defendants seek to amend only that part of the Final Judgment that addresses the amounts due for disgorgement and prejudgment interest. (Dkt. 7-1, p. 6.)

As explained more fully below, the Court denies the Muroff Defendants' Motion. Amendment is not warranted under either Rule 59(e) or Rule 60(b)(6). The Muroff Defendants entered a deal with the Government while the *Kokesh* decision was pending. That deal is reflected in the Consent and incorporated in the Final Judgment. There is no

valid justification for the Court to unwind that deal now that the *Kokesh* opinion has been entered.

**1.     The Nature of a Consent Judgment.**

In this case, the parties made an agreement reflected in the Consent and expressly incorporated in the Court's Final Judgment. The benefits of this consent judgment are two-fold. One, the parties agreed to forego the time, expense, and risk of litigation in favor of a negotiated settlement. *See Slaven v. Am. Trading Transp. Co., Inc.*, 146 F.3d 1066, 1077 (9th Cir. 1998) ("The purpose of a consent judgment is to resolve a dispute without further litigation . . . .") Second, the consent judgment provides "greater enforceability (compared to an ordinary settlement agreement). . . . " *Jeff D. v. Kempthorne*, 365 F.3d 844, 852 (9th Cir. 2004); *see also Gilmore v. People of the State of California*, 220 F.3d 987, 995 (2000) (court's enforcement power the "key distinction between a private settlement and a consent judgment").

"Generally, a party cannot appeal a judgment entered with its consent." *Tapper v. C.I.R.*, 766 F.2d 401, 403 (9th Cir. 1985). There are three exceptions to this rule: (1) if the party did not actually consent; (2) if the Court lacked subject matter to enter the judgment; or (3) if the party expressly reserves the right to appeal the consent judgment. *Id.*; *Slaven*, 146 F.3d at 1070.

The reason behind this rule is that "the parties should not be left guessing about the finality and hence efficacy of the settlement . . . ." *Slaven*, 146 F.3d 1066 (quoting *Assoc. of Community Orgs. For Reform Now v. Edgar*, 99 F.3d 261, 262 (7th Cir. 1996)). The

**ORDER - 5**

twin purposes of the consent Judgment are to avoid cost and minimize risk. *Id.* Allowing a

party to appeal from a Judgment it consented to would defeat or substantially impair these

purposes. *Id.*

Consent decrees operate like consent judgments. The United States Supreme Court

has described consent decrees as follows:

> Consent decrees are entered into by parties to a case after
> careful negotiation has produced agreement on their precise
> terms. The parties waive their right to litigate the issues
> involved in the case and thus save themselves the time,
> expense, and inevitable risk of litigation. Naturally, the
> agreement reached normally embodies a compromise; in
> exchange for the saving of cost and elimination of risk, the
> parties each give up something they might have won had they
> proceeded with the litigation. Thus, the *decree* itself cannot be
> said to have a purpose; rather the *parties* have purposes,
> generally opposed to each other, and the resultant decree
> embodies as much of those opposing purposes as the respective
> parties have the bargaining power and skill to achieve.

*Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S.

501, 522 (1986) (quoting *United States v. Armour & Co.*, 402 U.S.673, 681-82 (1971)).

Generally, "it is the agreement of the parties, rather than the force of the law upon

which the complaint was originally based, that creates the obligations embodied in a

consent decree." *Id.* However, this rule has practical limitations. First, the consent decree

or judgment "must spring from and serve to resolve a dispute within the court's subject-

matter jurisdiction." *Id.* at 525. Second, the consent decree or judgment "must come within

the general scope of the case made by the pleadings." *Id.* (internal quotations omitted).

The Court is not barred from entering a consent decree or judgment "merely because it provides broader relief than the court could have awarded after a trial." *Id.* Provided that the Court has subject matter jurisdiction and the consent judgment falls within the scope of the pleadings, it is generally enforceable.

**2.      Amendment is Not Warranted under Rule 59(e).**

Rule 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Generally, a district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed.1995)). There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Id.*

The Muroff Defendants argue amendment is necessary under Rule 59(e) to correct manifest errors of law upon which the judgment is based, to prevent manifest injustice, and because of an intervening change in controlling law. (Dkt. 7-1, p. 2). The Court disagrees for three primary reasons.

First, in this case the disgorgement amounts were requested by the parties as part of a settlement reached before the Complaint was filed. The disgorgement amounts were not

**ORDER - 7**

issued as a result of the Court's independent application of the substantive law applicable to either liability or damages in this case. Accordingly, the change in legal precedent has no bearing on the Court's issuance of the Judgment.

Moreover, it is undisputed that the Final Judgment is based on a Consent, falls within the Court's subject matter jurisdiction, and is directly related to the allegations and claims in the Complaint. Therefore, the Final Judgment is enforceable even if the amounts the Muroff Defendants agreed to pay as disgorgement and prejudgment interest are greater than the amounts the Court could have ordered after trial. *See Local No. 93,* 478 U.S. at 525 (holding courts not barred from entering consent decree or judgment "merely because it provides broader relief than the court could have awarded after a trial.")

Second, the statute of limitations is an affirmative defense. By consenting to entry of the Judgment, the Muroff Defendants effectively waived any affirmative defenses, including the statute of limitations. *See Securities and Exchange Commission v. Amerindo Investment Advisors*, Case No. 05-cv-5231 (RJS), 2017 WL 3017505, *9 (S.D. N.Y. July 14, 2017) (denying request for vacatur in light of *Kokesh* decision because Defendants waived statute of limitations defense); *United states Securities and Exchange Commission v. ISCI, Inc.*, Case No. 15-cv-45-jdp, 2017 WL 3736796, *4 (W.D. Wisc. August 30, 2017) (denying request for vacatur because moving party lacked standing to raise statute of limitations affirmative defense that defendants waived).

Third, the Court is fundamentally opposed to amending a consent judgment that reflects an agreement that the parties do not dispute was entered into with mutual assent.

ORDER - 8

(Dkt. 7-1, p. 4). Fundamentally, the Muroff Defendants argue that they should not be obligated to make payments they agreed to make as a condition of settling the lawsuit because the SEC could not obtain judgments against them in these amounts had the parties proceeded to trial.

However, the Muroff Defendants agreed to forego a trial by negotiating a deal. That deal is governed by principles of contract law. *Chaly-Garcia v. United States*, 508 F.3d 1201, 1203 (9th Cir. 2007). The Muroff Defendants do not cite any principle of contract law that would render that agreement unenforceable. In fact, they argue that the rest of the agreement should be enforced. (Dkt. 7)

Similarly, there is nothing in the record to suggest that, due to a change in law or fact, the Muroff Defendants are now precluded from making the payments they agreed to make. Accordingly, the Court will not amend the Final Judgment and will, instead, enforce the agreement reached by the parties before this lawsuit was even filed.

In sum, the Court does not find the *Kokesh* decision warrants revising the Final Judgment in this case pursuant to Rule 59(e). The Final Judgment represents the parties' settlement agreement and the Court finds no change in law or other circumstance that would justify amending it.

**3.     Amendment is Not Warranted under Rule 60(b).**

Rule 60(b)(6) states, "the court may relieve a party or its legal representative from a final judgment . . . for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "To obtain relief under this catchall provision, a defendant must first make a threshold

showing of extraordinary circumstances." *Ybarra v. Filson*, 869 F.3d 1016, 1023 (9th Cir. 2017) (citing *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012) (per curiam) (internal quotations omitted). Rule 60(b)(6) is used sparingly to prevent manifest injustice and is available when a party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests. *See United States v. Alpine Land & Reservoir, Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993).

"[T]he proper course when analyzing a Rule 60(b)(6) motion predicated on an intervening change in the law is to evaluate the circumstances surrounding the specific motion before the court." *Jones v.* Ryan, 733 F.3d 825, 839 (9th Cir. 1013) (internal quotation omitted). Generally, however, a change in decisional law does not constitute an extraordinary circumstance justifying relief. *See Gonzalez v. Crosby*, 545 U.S 524, 525 (2005).

In the instant case, the Court does not find any extraordinary circumstances that would justify relief from the Judgment. The parties knew, or should have known, that the *Kokesh* appeal was pending at the time they reached their settlement agreement and, thus, it was reasonably foreseeable that the United States Supreme Court would limit the disgorgement remedy as it did. The parties chose to negotiate within that context of risk.

In sum, the Court finds no justification to amend the Final Judgment pursuant to Rule 60(b)(6). The intervening case law was foreseeable and has no impact on the enforceability of the parties' settlement agreement.

**ORDER - 10**

## CONCLUSION

The parties in this lawsuit had a deal that was incorporated in the Court's Judgment. In settling with the SEC, the Muroff Defendants received certain benefits including the advantage of a no admit, no deny resolution and avoiding the time, expense, and inevitable risk of litigation. Without justification for revisiting the enforceability of the parties' settlement agreement, the Court finds no reason to amend the Final Judgment based on that settlement agreement.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Amend May 10, 2017 Judgment to Make It Consistent with Supreme Court's June 5, 2017 Decision in *Kokesh v. Securities and Exchange Commission* (Dkt. 7) is DENIED as stated herein.



DATED: November 16, 2017

Edward J. Lodge
United States District Judge