UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SEROFIM MUROFF, BLACKHAWK MANAGER, LLC, ISR CAPITAL, LLC, EQUITY RECAP ACCOUNT, LLC, and DEBRA L. RIDDLE,<br><br>Defendants. | Case No. 1:17-cv-00180-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On October 26, 2020 the Court heard arguments on the Intervenors, Blackhawk Gold Investors' Motion to Clarify the Final Judgment (Dkt. 64). The Court orally granted the motion, and indicated a written order would be issued addressing the specific relief sought by Intervenors.

Intervenors are a class of investors who invested Blackhawk Gold through the EB-5 Program. The Intervenors have brought a separate suit against Defendant

**MEMORANDUM DECISION AND ORDER - 1**

Serofim Muroff, Blackhawk Manager, and others in Case No. 1:18-cv-00295-BLW.

In April 2017, Defendants Muroff, Blackhawk Manager, LLC, ISR Capital, LLC, and Equity Recap Account, LLC entered into a consent decree with the Securities and Exchange Commission to resolve claims that they had violated the Exchange Act, Securities Act, and Advisers Act. *Consent Decree*, Dkt. 2; *Complaint*, Dkt. 1. The SEC alleged that Muroff had misappropriated funds invested by foreign investors under the EB-5 Program.

In May 2017, the Court entered a final judgment adopting the terms of the consent decree. The consent decree and judgment required the appointment of an independent manager to replace Muroff as the CEO of Blackhawk Manager. *Judgment*, Dkt. 6 at 9-10. The consent decree and judgment also required the appointment of an independent monitor to oversee operation of Blackhawk Manager, and its management of Blackhawk Gold. *Id.* at 10.

Under the judgment the independent manager was required to submit quarterly accounting statements from April 30, 2017 through January 31, 2019 to the SEC. *Id.* at 11. The Judgment is silent as to when or whether the independent manager may resign. *See id.* The Judgment provided that the independent monitor's engagement would end 30 days after Blackhawk Manager certified, in

**MEMORANDUM DECISION AND ORDER - 2**

writing, its compliance with the terms of the judgment.

The judgment permanently enjoined Muroff from acting as an officer or director of any company that issues securities registered on a national securities exchange. *Id.* § IV. The judgment also permanently enjoined Muroff

> from directly or indirectly, including, but not limited to, through any entity owned or controlled by him: (a) participating in the issuance, purchase, offer, or sale of any security issued through the EB-5 Immigrant Investor Program (provided however that such injunction shall not prevent Muroff from purchasing or selling securities for his own personal account); and (b) participating in the management, administration, or supervision of, or otherwise exercising any control over, any commercial enterprise or project that has issued or is issuing any securities through the EB-5 Immigrant Investor program….

*Id.* § V.

While the judgment permanently enjoined Muroff from "exercising any control over" a company issuing securities through the EB-5, it did not require Muroff to forfeit his stock in Blackhawk Manager or Blackhawk Gold.

At the hearing the Court heard from counsel for intervenors, Defendant Muroff, the SEC, and Blackhawk Manager and the Independent Manager. The SEC does not oppose the relief requested by the Intervenors. After carefully reviewing the briefing, the judgment, and the record in this case, and the parties arguments at the hearing, the Court will grant Intervenors' motion in part and deny it in part.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED that:**

1. The Independent Manager, in its business judgment, may vote, surrender, sell, transfer or dispose of any remaining ownership interest in Blackhawk Gold that is owned or controlled by Blackhawk Manager.

2. The Independent Manager and Independent Monitor may resign from their positions.

3. The members of Blackhawk Gold may elect a new manager to take over the Independent Manager's role with respect to Blackhawk Gold and Blackhawk Manager.

4. Defendant Serofim Muroff has not forfeited, or otherwise been divested of, any shares he owns in Blackhawk Manager or Blackhawk Gold.

5. Defendant Serofim Muroff may not directly or indirectly, including through any entities owned by, controlled by, and/or benefitting him or any family member or agent, exercise any voting rights associated with shares owned in Blackhawk Manger or Blackhawk Gold. Muroff shall not directly or indirectly vote his shares and shall not directly or

MEMORANDUM DECISION AND ORDER - 4

indirectly participate in the election of a new manager of Blackhawk Gold or Blackhawk Manager.

DATED: November 4, 2020

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5